**UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>MEDAVAIL HOLDINGS, INC. *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10148 (JKS) |
| ALFRED T. GIULIANO, Chapter 7 Trustee for MEDAVAIL HOLDINGS, INC.<br><br>Plaintiff,<br><br>v.<br><br>STUBBS ALDERTON & MARKILES, LLP<br><br>Defendant. | Adv. Pro. No. 26- |

**COMPLAINT OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE FOR MEDAVAIL HOLDINGS, INC., TO AVOID AND RECOVER TRANSFERS AND DISALLOW CLAIMS, PURSUANT TO 11 U.S.C. §§ 502, 547, 548 AND 550**

Alfred T. Giuliano (the "Trustee"), Chapter 7 trustee for the jointly administered estates of MedAvail Holdings, Inc. *et al.*, including the estate of MedAvail Holdings, Inc. (the "Debtor"), by and through his attorneys, Fox Rothschild LLP, brings this adversary proceeding and files this Complaint (the "Complaint"), pursuant to Fed. R. Bankr. P. 7001, to avoid and recover transfers, pursuant to 11 U.S.C. §§ 547, 548, and 550, and to disallow any claims of the Defendant (defined below), pursuant to 11 U.S.C. § 502(d). In support of the Complaint, the Trustee alleges as follows:

---

1 The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) MedAvail Holdings, Inc. (2394) (Case No. 24-10148-JKS); (ii) MedAvail, Inc. (8795) (Case No. 24-10149-JKS); (iii) MedAvail Technologies (US), Inc. (4085) (Case No. 24-10150-JKS); (iv) MedAvail Pharmacy Inc. (5604) (24-10151-JKS); and (v) MedAvail Technologies, Inc. (9547) (Case No. 24-10152-JKS).

## JURISDICTION AND VENUE

1. This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under Title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding, as defined in 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

3. Venue of this adversary proceeding is proper in the District of Delaware, pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee seeks to avoid and recover, pursuant to Sections 547, 548, and 550 of the Bankruptcy Code, certain preferential and/or fraudulent transfers that the Debtor made to Defendant (defined below); disallow any claims of the Defendant, pursuant to Section 502(d) of the Bankruptcy Code; and to recoup reasonable attorneys' fees and costs, pursuant to Rule 7054 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PARTIES AND BACKGROUND

5. Plaintiff is Alfred T. Giuliano, the Trustee for the estate of Debtor.

6. Stubbs Alderton & Markiles, LLP ("Defendant") is, upon information and belief, a partnership whose state of formation is California.

7. Defendant, upon information and belief, maintains a business address at 15260 Ventura Boulevard, 21st Floor, Sherman Oaks, CA 91403.

8. On February 2, 2024 (the "Petition Date"), the Debtor and its affiliated co-debtors, each filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On

the same day, the office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

9. Since the filing, the Trustee has been liquidating the Debtor's assets for the benefit of the estate and its creditors.

10. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtor's books and records and identified entities that received transfers or payments that were recoverable and/or subject to potential avoidance under Sections 547, 548, 549 and 550 of the Bankruptcy Code.

11. After reviewing the Debtor's books and records, the Trustee determined that on or within the ninety (90) days before the Petition Date (the "Preference Period"), the Debtor transferred funds in at least the total amount of $174,435.00 (the "Gross Transfers") to the Defendant, as more specifically set forth on **Exhibit A** attached hereto.

12. On or about December 29, 2025, the Trustee, through counsel, sent a demand letter (the "Demand Letter") to the Defendant, asserting claims to recover some or all of the Gross Transfers as preference and/or fraudulent conveyance transfers. The Demand Letter requested that the Defendant provide the Trustee any evidence it had to support any asserted affirmative defenses so that the Trustee and counsel could review the same.

13. Based on the Trustee's reasonable due diligence, including considering any response to the Demand letter, if any, and taking into account the Defendant's known or reasonably known affirmative defenses, the net amount of the Gross Transfers that constitute avoidable transfers is approximately $174,435.00 (the "Transfers").

14. Accordingly, the Trustee files this Complaint to avoid and recover the Transfers.

**COUNT ONE**

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

15. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were set forth herein at length.

16. The Trustee and his professionals have conducted reasonable due diligence under the circumstances of the Debtor's bankruptcy case and have reviewed the Debtor's bankruptcy schedules, statement of financial affairs, accounts payable ledger for the Preference Period, and the response, if any, by the Defendant to the Demand Letter.

17. Based on the Trustee's reasonable due diligence, and taking into account the Defendant's known or reasonably known affirmative defenses under 11 U.S.C. § 547(c), the Trustee has determined that the Transfers, in the net amount of approximately $174,435.00, constitute avoidable preferential transfers, pursuant to 11 U.S.C. § 547.

18. Each of the Transfers was made, or caused to be made, to or for the benefit of the Defendant, a creditor of the Debtor.

19. Each of the Transfers was transferred and/or caused to be transferred during the Preference Period.

20. Each of the Transfers constituted a transfer of an interest in property of the Debtor.

21. The bank account from which each Transfer was drawn was owned by the Debtor.

22. The Transfers were made, or caused to be made, for or on account of one or more antecedent debts owed by the Debtor prior to the date on which such Transfers were made.

23. The Debtor was insolvent for purposes of Section 547(b) of the Bankruptcy Code when each of the Transfers was made. The Trustee is entitled to rely on the presumption of

insolvency for each Transfer made during the Preference Period, pursuant to Section 547(f) of the Bankruptcy Code.

24. The Transfers enabled the Defendant to receive more than it would have received if: (i) the case was under Chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) Defendant received payment of the debt(s) relating to each such Transfer, to the extent provided by the provisions of the Bankruptcy Code.

25. Based upon the foregoing, the Transfers constitute avoidable preferential transfers, pursuant to Section 547(b) of the Bankruptcy Code.

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a) avoiding the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal), pursuant to Section 547(b) of the Bankruptcy Code;

(b) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c) awarding the Trustee such other and further relief as may be just and proper.

**COUNT TWO**

**(Avoidance of Transfers Pursuant To 11 U.S.C § 548(a))**

26. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

27. The Transfers were transfers of an interest in property of the Debtor.

28. The Transfers were made within two years prior to the Petition Date.

29. The Transfers were made to or for the benefit of the Defendant.

30. To the extent that one or more of the Transfers were not on account of an antecedent debt or were not prepayments for goods or services subsequently received, the Debtor received less than reasonably equivalent value in exchange for the Transfers.

31. The Debtor (i) was insolvent on the dates of the Transfers or became insolvent as a result of the Transfers; or (ii) was engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small amount of capital at the time of, or as a result of the Transfers; or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

32. Based upon the foregoing, the Transfers made by the Debtor to the Defendant constitute avoidable fraudulent transfers, pursuant to Section 548(a) of the Bankruptcy Code.

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a) avoiding the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal), pursuant to Section 548(a) of the Bankruptcy Code;

(b) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c) awarding the Trustee such other and further relief as may be just and proper.

**COUNT THREE**

**(Recovery of Avoided Transfers Pursuant To 11 U.S.C § 550)**

33. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

34. The Defendant was the initial transferee of the Transfers.

35. The Defendant was the entity for whose benefit the Transfers were made.

36. Pursuant to Sections 547(b) and 548 of the Bankruptcy Code, the Trustee may avoid the Transfers and, pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover for the benefit of the estate of the Debtor the Transfers, or the value of the Transfers, from the Defendant.

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a) directing the Defendant to immediately pay the value of the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal) to the Trustee, together with pre-judgment and post-judgment interest, pursuant to Section 550 of the Bankruptcy Code;

(b) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c) awarding the Trustee such other and further relief as may be just and proper.

## COUNT FOUR

**(Disallowing, Barring, and Expunging the Defendant's Claims Pursuant To 11 U.S.C § 502)**

37. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

38. The Defendant is the transferee of the Transfers, which are avoidable and recoverable under Sections 547, 548, and 550 of the Bankruptcy Code.

39. The Trustee has demanded repayment of the Transfers.

40. The Defendant has failed and refused to turn over to the Trustee the value of the Transfers, or to otherwise repay the Transfers to the Trustee.

41. Pursuant to Section 502(d), any claim of the Defendant against the Debtor must be disallowed until the Defendant pays to the Trustee the value of the Transfers.

42. Pursuant to Section 502(d) of the Bankruptcy Code, the Trustee is entitled to entry of a judgment disallowing, barring, and expunging any claim(s) that the Defendant may hold against the Debtor.

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a) disallowing, barring, and expunging any claim(s), including those on the claims register, that the Defendant may hold against the Debtor, pursuant to Section 502(d) of the Bankruptcy Code;

(b) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c) awarding the Trustee such other and further relief as may be just and proper.

**COUNT FIVE**

**(Attorneys' Fees – Bankruptcy Rule 7054)**

43. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

44. The Trustee has incurred significant legal fees and expenses to pursue these claims against the Defendant.

45. The Trustee is entitled to reasonable attorneys' fees, pursuant to Bankruptcy Rule 7054.

***[Remainder of Page Intentionally Left Blank]***

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding, pursuant to Bankruptcy Rule 7054; and

(b) awarding the Trustee such other and further relief as may be just and proper.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/ Seth A. Niederman*
Seth A. Niederman, Esquire (No. 4588)
1201 N. Market Street, Suite 1200
Wilmington, DE 19801-3046
Tel. (302) 427-5512/Fax (302) 622-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
Matthew A. Skolnick, Esquire
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Tel. (215) 299-2010/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com
mskolnick@foxrothschild.com

Michael R. Herz, Esquire
49 Market Street
Morristown, NJ 07960
Tel. (973) 992-4800/Fax (973) 992-9125
mherz@foxrothschild.com

-and-

Noah Thomas, Esquire
345 California Street
Suite 2200
San Francisco, CA 94101-2734
Tel. (415) 364-5540/Fax (415) 391-4436
nthomas@foxrothschild.com

*Counsel for Alfred T. Giuliano, Chapter 7 Trustee*

Dated: January 30, 2026

# Exhibit A – Gross Transfers

| Payment No. | Payment Date | Payment Amount |
|---|---|---:|
| 00000000000000193 | 12/22/2023 | $49,475.00 |
| 00000000000000198 | 1/11/2024 | $49,960.00 |
| 00000000000000199 | 1/19/2024 | $50,000.00 |
| 00000000000000201 | 1/30/2024 | $25,000.00 |